IN THE SUPREME 
COURT OF TEXAS
 
════════════
No. 09-0520
════════════
 
In re Coy Reece, Relator
 
 
════════════════════════════════════════════════════
On Petition for Writ of 
Mandamus
════════════════════════════════════════════════════
 
 
            
Justice 
Johnson, dissenting.
 
            
The Court of Criminal Appeals has general original habeas jurisdiction, 
Tex. Const. art. V, § 
5; Ex parte Thompson, 273 S.W.3d 177, 181 (Tex. Crim. App. 2008), while 
this Court’s habeas jurisdiction is limited. Our habeas jurisdiction 
exists in matters where a contemnor is confined because he or she violated “an 
order, judgment, or decree previously made, rendered, or entered by the court or 
judge in a civil case.” Tex. Gov’t Code § 
22.002(e).
            
Although our habeas jurisdiction is limited, our mandamus jurisdiction is 
broad. See Tex. Const. art. 
V, § 3(a); Tex. Gov’t Code § 22.002(a). And for the 
reasons the Court sets out, I agree that our broad mandamus jurisdiction 
encompasses the matters set out in Reece’s petition. Nevertheless, and as SB 
International, Inc. argues, Reece substantively petitions this Court for habeas 
relief. Under the circumstances I would refrain from granting mandamus relief 
for the reasons Justice Willett sets out in part IV of his dissent, which I 
join.
            
Because I disagree that we should grant mandamus relief, I respectfully 
dissent.
 
 
 
 
 
                                                                        
________________________________________
                                                                        
Phil Johnson
                                                                        
Justice
 
 
OPINION DELIVERED: May 27, 2011